JOSEPH W. HEWITT v. EDWARD R. TERRY.

*Affidavit for attachment.*

It is not enough that an affidavit for attachment in Michigan should aver that defendant has absconded from the State; it must set forth that he has done so to the injury of his creditors.

Error to Clinton.   (V. H. Smith, J.)   April 16.—May 6.

Attachment proceeding.   Defendant brings error.   Reversed.

*Cook & Daboll* for appellant.

*A. Stout* for appellee.

CHAMPLIN, J.   This suit was commenced by the attachment of real property, but there was no personal service of the writ upon the defendant, and he did not appear.   The plaintiff has proceeded against him as an absent or concealed defendant, and has taken judgment against him.   The case is brought here by writ of error.   The affidavit upon which the writ was issued states that the defendant " has absconded from this, the State of Michigan."   The statute provides that a party, in other respects entitled, may have the writ by making affidavit that the defendant has absconded from this State, *to the injury of his creditors.*   This latter fact is not stated in the affidavit, and consequently it afforded no sufficient basis for the writ.   The court proceeded without jurisdiction, and the

Judgment must be reversed, with costs.

The other Justices concurred.